LAW OFFICES

# MARGULIES WIND
A PROFESSIONAL CORPORATION

HARBORSIDE FINANCIAL CENTER
PLAZA 10, SUITE 1201
3 SECOND STREET
JERSEY CITY, NEW JERSEY 07311-3988

(201) 333-0400
www.margulieswind.com
FAX (201) 333-1110

ROBERT E. MARGULIES ✪♦✷
JACK JAY WIND
PAUL M. TSCHIRHART ⊛
JEFFREY R. KIVETZ ✪
GERARD D. PIZZILLO ✪
✪ Also member New York Bar
♦ Also member Massachusetts Bar
⊛ Also member District of Columbia Bar
⊕ Also member Florida Bar
✷ *Rule* 1:40 qualified Mediator
◊ Certified Civil Trial Lawyer

MAURICE C. BRIGADIER
(1902-1991)

Of Counsel
SEYMOUR MARGULIES ✪♦⊛⊕
HAROLD I. BRAFF ✪✷◊
FRANK E. CATALINA

June 10, 2011

*Senders Email & Phone Extension:*
*fec@mwhlawfirm.com, Ext. 207*

**By ECF filing**
Hon. Donald H. Steckroth
U.S. Bankruptcy Court
M.L. King, Jr. Federal Bldg. &
U.S. Courthouse
50 Walnut Street, 3rd Floor
Newark, New Jersey 07102

## LETTER BRIEF

Re:    In Re: James J. Georginis
       Case No. 11-19694-DS
       Our File No. FQ13353

Dear Judge Steckroth,

Our office represents BCB Community Bank in the above matter. BCB filed a motion over a month ago seeking relief from the automatic stay. That motion is scheduled to be heard by Your Honor on Tuesday, June 14, at 10:00 AM.

Unfortunately, the Debtor did not file a brief in response to the motion until Wednesday and a certification with voluminous documentary exhibits, which the arguments in the brief were based on, until yesterday.

Please accept this letter as a letter reply brief in further support of BCB's motion. Unfortunately, because of time constraints, this is a concise reply.

The Debtor contends that three of the five properties in default are vacation rental or rooming house arrangements without formal leases and that the revenues generated by the occupants don't therefore constitute rents or interests in realty. Citing the recent decision by Judge Kaplan in *In re Ocean Place Development, LLC*, 447 B.R. 726 (B.C. D.N.J 2011), the Debtor argues that that case distinguishes the instant one from *In re Jason Realty, L.P.*, 59 F.3d 423 (3d Cir.1995), the case relied

on by BCB in which the Third Circuit upheld the decision below finding that an unconditional prepetition assignment of rents to the mortgagee meant that those rents were not property of the bankruptcy estate.

Research has uncovered no case in the Third Circuit which has, as yet, drawn the distinction at the heart of the decision in *Ocean Place* so that that decision is not only one of first impression, but is also not binding on this court. Even entertaining the assumption that *Ocean Place* is good law, there are a number of factors which distinguish the facts in *Ocean Place* from those in the case at bar.

Judge Kaplan found that the status of the lender in the case before him was that of a secured creditor under Article 9 of the *UCC* and that its interest in the revenue from room occupants was, therefore, merely a security interest. But in that case, the court pointed to language in the relevant loan agreement defining "rents" as:

> ... all revenues and credit card receipts collected from guest rooms, restaurants, bars, meeting rooms, banquet rooms and recreation facilities, all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of property or rendering of services by Borrower or any operator or manger of the hotel or the commercial space located in the Improvements or acquired from others ..., license, lease, sublease and concession fees and rentals, health club membership fees, food and beverage wholesale and retail sales, service charges, vending machines sales and process, if any ... whether paid or accruing before or after the filing by or against Borrower of any petition for relief under the Bankruptcy Code.

No such broad language, defining things such as food and beverage charges, concession fees and health club membership fees as rents, is found in the mortgages BCB has submitted to the court as exhibits to the Certification of John Brogan in support of its motion. It's clear from the above language and more found elsewhere in the agreement in that case that the lender was taking an Article 9 security interest in accounts and intangibles, *inter alia*, and characterizing them as rents so that they would fall under the terms of the assignment of rents provisions in the agreement.

The court also adverted to the following language:

> Borrower hereby grants to Lender, as security for the obligations, a security interest in the property to the fullest extent that the Property now or hereinafter may be subject to a security interest under the UCC.

This language and the entire agreement between the parties make clear that the assignment in Ocean Place was merely for purposes of security. Not so in the present case. The agreements between BCB

and the Debtor, found in the exhibits to the Brogan Certification, make clear that the assignments there were absolute and unconditional and not taken as security. That language demonstrating this fact can be found cited at pages 1 through 3 of BCB's Brief in support of its motion.

    We also point out that the Debtor has submitted to the court a number of purported "market analyses" apparently prepared by a real estate firm. Since the expertise of the producer and reliability of the process used to produce these reports haven't been established, we object to their admissibility for the purpose of suggesting to the court that a feasible plan of reorganization is possible in this case. The purported valuations of each of the subject premises have not apparently been prepared, for example, by an appraiser, but by a real estate agent. Even taking the valuations at face value, all they seem to demonstrate is that the debtor completely lacks any equity in the subject properties.

    For all of the above reasons, it is respectfully submitted that the Court should grant BCB's motion.

Respectfully yours,
MARGULIES WIND, P.A.
A Professional Corporation
Attorneys for BCB Community Bank

_____
FRANK E. CATALINA, ESQ.

cc:   Robert Wachtel, Esq.
      John J. Brogan, Esq.