UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Ronald I. LeVine, Esq.
210 River Street, Suite 24
Hackensack, New Jersey 07601
Attorney for Debtors
RL9395

FILED
JAMES J. WALDRON, CLERK
JUL 26 2011
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

In Re:

JAMES GEORGINIS

Case No.: 11-19694DHS

Chapter: 11

Judge: Steckroth

CONSENT ORDER FOR USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

Consented to as to form and entry.

/s/Ronald I. LeVine
Ronald I. LeVine
Attorney for Debtor

/s/Frank Catalina
Frank Catalina
Attorney for BCB Community Bank

7/26/11

Page 2
Debtor: JAMES GEORGINIS
Case No. 11-19694DHS
Caption of Order: CONSENT ORDER FOR USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

This matter having been opened to the Court by Margulies Wind, (Frank E. Catalina, Esq. appearing) on a Motion for Relief from Stay, and upon the cross motion of James Georginis ("Debtor") through its counsel, the Law Office of Ronald I. LeVine, for the use of the cash collateral of BCB Community Bank ("BCB"), for entry of an Order to pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 and Fed. R. Bankr. P. 4001 (i) approving the use of cash collateral, (ii) providing adequate protection, and it appearing that the parties have resolved both the Motion for Relief that had been filed by BCB along with the issue as to adequate protection/use of cash collateral, and the court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein and the consent of the debtor and BCB, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Use of Cash Collateral**. The Debtor is authorized in accordance with the cash collateral budget (the "Budget") attached hereto as **Exhibit A** to use BCB's cash collateral. The Debtor may amend, alter, revise or supplement the Budget after the date of this Order with the written consent of BCB, which consent shall not be unreasonably withheld. The Debtor is authorized to retain all cash receipts collected during any week to the extent necessary to fund the disbursements contained in the Budget.

Page 3
Debtor: JAMES GEORGINIS
Case No. 11-19694DHS
Caption of Order: ORDER FOR USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

For the purposes of this Order, the term "cash receipts" means all funds collected by the Debtor whether on account of account of rental income, hotel receipts, accounts receivable, asset sales or otherwise.

2. **Adequate Protection**. As adequate protection for use of cash collateral, BCB shall be paid $10,000.00 monthly beginning July 25, 2011, and then on the first of each month thereafter. From these funds, BCB shall pay the respective real estate taxes on the liened properties.

3. **Issue of rent assignments.**

    (a) While parties have not agreed on the terms of a Chapter 11 Plan, absent default by the debtor on his adequate protection payments under this Order, BCB agrees not to contest the validity of a Chapter 11 Plan based solely on the existence of the rent assignments to those properties.

4. **Reservation of rights.**

    (a) By granting BCB the adequate protection specified herein, the Debtor does not waive, and expressly reserves, its rights to subsequently contest the validity, extent, priority and/or perfection of BCB's liens and security interests in the Debtor's property and to assert any other claims.

    (b) In the event Debtor is more than 15 days late in its adequate protection obligation to BCB, BCB is entitled to request a hearing with 10 day notice.

    (c) Nothing contained herein shall be deemed or construed to require BCB to make any loans or advances to the Debtor.

5. **Notice of Order.** Within two (2) business days of the entry of this Order, the Debtor shall serve, or cause to be served, a copy of this Order by first class mail on: (i) the Office of the United States

Page 4
Debtor: JAMES GEORGINIS
Case No. 11-19694DHS
Caption of Order: ORDER FOR USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

Trustee; (ii) counsel for BCB, (iii) James Georginis, (iv) all known secured creditors; and (v) counsel to any committee appointed under section 1102 of the Bankruptcy Code, if one has been appointed, and, if not, to the Debtor's twenty (20) largest unsecured creditors

6. **Immediate Effect.** Order shall be effective immediately upon its entry.

7. **Motion for Relief** This Order, through its adequate protection arrangement, resolves the Motion for Relief filed by BCB.