UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2©**

Ronald I. LeVine, Esq.
210 River Street, Suite 24
Hackensack, New Jersey 07601
Attorney for Debtors
RL9395

| | |
|---|---|
| In Re:<br><br>JAMES GEORGINIS | Case No.: 11-19694DHS<br><br>Judge: Morris Stern<br><br>Chapter: 11 |

CERTIFICATION OF JAMES GEORGINIS, IN SUPPORT OF CONFIRMATION OF
PLAN OF REORGANIZATION OF JAMES GEORGINIS

I, JAMES GEORGINIS, of full age, hereby certifies as follows:

1. On April 13, 2011, (the "Petition Date"), JAMES GEORGINIS, (hereinafter "DEBTOR") the debtor and debtor-in-possession in the above-captioned action commenced a case under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. I am the debtor in this matter and as such have knowledge of the facts set forth herein. If I were called upon to testify, I would testify competently to the facts set forth in this Certification.

3. I submit this Certification in support of Confirmation of the Debtor's Plan of Reorganization.

4. I have reviewed the Plan and are familiar with the terms and provisions contained within.

5. Based upon my personal involvement in the Plan process, I believe that the Plan complies with the applicable provisions of the Bankruptcy code, that the Plan is proposed in good faith and that I have conducted myself in a manner that complies with applicable law in relating to the formulation and negotiation of, and voting on, the Plan.

Classification of the Claims and Equity Interest

6. The Original Plan contains the following classification scheme:

Class 1- BCB Community Bank Partially secured claim on various of debtor's New Jersey properties.
Class 2- Wayne Thomas, partially secured claimant on property at 841-843 Quincy St., Scranton, PA. Note that under a recent modification to the Plan dated July 18, 2012, Wayne Thomas was not partially secured, but wholly unsecured.
Class 3- GMAC Mortgage, as Servicer of GMAC Mortgage, LLC for property located at 15 East Shore Trail, Sandyston, NJ. This class was improperly listed as impaired, but the property is being surrendered to GMAC in full satisfaction of their claim and therefore they are arguably not impaired.
Class 4- Wayne Thomas, for unsecured portion of his first lien claim on the Pa. property.
Class 5- Lackawana Tax Collector.
Class 6- General unsecured creditor claims.

7. The classification of Claims and Equity Interest in the Plan is based upon the legal nature of the Claims and Equity Interest, and is not proposed for an improper purpose.

8. The holders of claims in all the classes except class 3 are impaired by the Plan.

9. Class One, BCB Community Bank (hereinafter BCB) has voted against the Plan, however debtor has now modified the Plan to meet the objection of BCB, and therefore it is expected that by the time of the hearing, the three impaired classes that have voted will all be in favor of the Plan.

10. The applicable requirements of Section 1129(b) of the Bankruptcy Code have been met. Accordingly, the Debtor requests that this Court confirm the Plan under Bankruptcy Code Section 1129(b).

The Plan Complies with Bankruptcy Code Section 11229(b)

11. The Plan complies with the applicable provisions of Title 11 as required by 11 U.S.C § 1129(b). Specifically, the Plan complies with all of the applicable requirements of subsection (a) with only the exception of paragraph 8.

12. The Plan complies with each of the eight requirements set forth in Bankruptcy Code Section 1123(a) as follows:

(1) 1123(a)(1): Article II, D. of the Plan designates the classification of claims and equity interest as required by Bankruptcy Code Section 1123(a)(1). The classification complies with Section 1122(a) because each class contains only claims or equity interests that are substantially similar to each other. The classification created by the Plan is based upon the similar nature of the claims or equity interest contained in each class. Additionally, Article II, C. of the Plan designates (but does not classify) claims of the type described in Sections 507(a)(2) (administrative expense claims) and 507(a)(8) (Priority tax claims). Because this chapter 11 case was commenced as a voluntary chapter 11 case, there are no claims of the kind specified in Section 507(a)(3) (claims arising during the "gap" period in an involuntary case).

(2) 1123(a)(2): Article II, D. of the Plan identifies whether each class of claims and equity interest is impaired or not impaired under the Plan.

(3)    1123(a)(3): Article II, D. of the Plan sets forth the treatment of each class of claims and equity interest.

(4)    1123(a)(4): Article II of the Plan provides that the treatment of each claim or equity interest in each particular class is the same as the treatment of each other claim or equity interest in such class, unless the holder of a particular claim or interest has agreed to a less favorable treatment of such particular claim or equity interest.

(5)    1123(a)(5): Article II, F. of the Plan sets forth the means of implementation of the Plan, among other things, as follows:

The Plan provides that Debtor intends to fund all payments required by the Plan through its ongoing income and its retention of its various New Jersey properties.

(6)    1123(a)(6): Bankruptcy Code Section 1123(a)(6) is not applicable.

(7)    1123(a)(7): Bankruptcy Code Section 1123(a)(7) is not applicable.

(8)    1123(a)(8): The Debtors are individuals, and the Plan provides for payment to creditors under the Plan of all such portion of earnings from personal services performed by the debtor after the commencement of the case or other future income of the debtor as is necessary for the execution of the Plan and thus complies with Bankruptcy Code Section 1123(a)(8).

13.    Based on the foregoing, the Plan complies with Bankruptcy Code Section 1129(b)

14. As evidenced by this Court's Order entered on February 17, 2012 conditionally approving the Initial Disclosure Statement, and the certificate of service filed by debtor's counsel, the Debtor has complied with Bankruptcy Code Sections 1125 and 1126. Therefore, Bankruptcy Code Section 1129(a)(2) is satisfied.

15. The Debtor proposed the Plan in good faith and not by any means prohibited by law, and the Debtor has acted in good faith in the negotiation and formulation of the Plan. As such, the Plan complies with Bankruptcy Code Section 1129(a)(3).

16. All payments made or to be made by the Debtor for services or for costs and expense in or in connection with the Debtor's Chapter 11 Case, have been approved by, or are subject to the approval of the Court as reasonable. Therefore, the Plan complies with Bankruptcy Code Section 1129(a)(4).

17. The debtor is an individual, and therefore Bankruptcy Code Section 1129(a)(5) does not apply.

18. The Debtor is not subject to government regulatory approval of rates. Therefore, Bankruptcy Code Section 1129(a)(6) is not applicable.

19. With respect to each impaired Class of Claims or Equity Interest, each holder of a Claim or Equity Interest has accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest property of a value that is not less than the amount that such holder would so receive or retain if the Debtor has liquidated under Chapter 7 of the Bankruptcy Code. Based on the foregoing, the Plan satisfies the best interest tests set forth in Section 1129(a)(7) of the Bankruptcy Code.

20. To date, as a matter of record two of the six impaired classes have accepted the Plan. One of the impaired classes, Bayonne Community Bank (BCB) has rejected the Plan. However, my attorney has advised me that their objection to the proposed plan has been resolved by having the cram down plan now scheduled as equal monthly payments for 20 years, be modified to require a balloon payment at the end of the seventh years after the date of confirmation. Thus, the Plan will likely now satisfy Bankruptcy Code Section 1129(a)(8), inasmuch as the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the Plan.

21. Pursuant to Article II, C. of the Plan, the holders of Allowed Administrative Expense Claims will be paid in full, in cash, on the later of the Effective Date or the date such claims become Allowed Claims, except to the extent a holder of an Allowed Administrative Expense Claim agrees to a different treatment. Accordingly, the Plan complies with Bankruptcy Code Section 1129(a)(9)(A). My accountant who has recently filed an application for professional fees has agreed to have his fee award paid at a monthly rate of $1,000.00.

22. There are no class 2 unsecured non-tax priority claims. Accordingly, Bankruptcy Code Section 1129(a)(9)(B) is not applicable.

23. At least one impaired Class of Claims entitled to vote on the Plan, i.e. Class 2 and Class 4, has voted to accept the Plan, and the major creditor BCB Community Bank will also have accepted this Plan by time of confirmation without including any acceptances of the Plan by any Insider. Therefore, the Plan complies with Bankruptcy Section 1129(a)(10).

24. ArticleII F 1 provides that Debtor will fund all payments contemplated by the Plan with the income from their personal services. This cash flow represents sufficient resources to fund the Plan. Accordingly the Plan complies with Bankruptcy Code Section 1129(a)(11).

25. The Plan provides pursuant to Article IV, E. for the payment of all fees payable pursuant to 28 U.S.C. §1930. More particularly, the Plan provides that the Debtor will cure any and all outstanding fees due and owing on the Effective Date. Therefore, the Plan complies with Bankruptcy Code Section 1129(a)(12).

26. The Debtor is not obligated to pay any retiree benefits; as such term is defined in Section 1114 of Title 11. Accordingly, Bankruptcy Code Section 1129(a)(13) is not applicable.

27. The Debtor is not obligated to pay any domestic support obligations. Accordingly, Bankruptcy Code Section 1129(a)(14) is not applicable.

28. The Debtor is an individual and no creditors will be objecting to the confirmation of the Plan and the value of the property to be distributed under the Plan is not less than the projected disposable income of the debtor as defined in §1325(b)(2), and thus, Bankruptcy Code Section 1129(a)(15) requirements have been met.

29. All applicable requirements of Section 1129(a) with the exception of 1129(a)8 of the Bankruptcy Code have been met.

30. I have recently filed my New Jersey Tax Returns and one return that was outstanding to the State of Pennsylvania. Those returns show that I owe approximately $17,000.00 and I will make those payments within the required first 5 years of the Plan.

30. Based on the foregoing, I believe the Plan satisfies the requirements of Bankruptcy Code Section 1129(b) and should be confirmed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2012                    */s/ James Georginis*

                                                      James Georginis